# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| NVK Spinning Co., LTD., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 12-2646 |
| ) | |
| Mid-South Cotton Company, LLC, ) | |
| ) | |
| Respondent. ) | |

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

On July 20, 2012, Petitioner NVK Spinning Co., LTD ("NVK") filed a Petition to Confirm an Arbitration Award (the "Complaint") against Defendant Mid-South Cotton Company, LLC ("Mid-South"). (Complaint, ECF No. 1.) On June 24, 2013, the Clerk of Court entered default against Mid-South. (Entry of Default, ECF No. 10.) Before the Court is NVK's August 6, 2013 Motion for Default Judgment against Mid-South. (Mot. for Default J., ECF No. 12.) Mid-South has not responded and the time to do so has passed. For the following reasons, NVK's Motion for Default Judgment is GRANTED.

**I.  Background**

On April 29, 2011, NVK submitted a formal application to begin arbitration against Mid-South before the International Cotton Association Ltd. ("ICA").  (Complaint, ECF No. 1 ¶ 9.) The dispute arose about four separate contracts, contract numbers 884, 940, 943, and 946 (the "Contracts").  (Id. ¶ 5.) NVK agreed to purchase from Mid-South a total of approximately 640 metric tons of M/E and MOT/E cotton in seven separate deliveries.  (Id.)  Under the Contracts, shipments were to start in November and December of 2010 and continue through March of 2011, with a substantial majority of the cotton required to have been shipped by February of 2011.  (Id. ¶ 6.)  Mid-South failed to ship any of the cotton required by Contracts 884 and 940 and shipped only part of the cotton required by Contract 946.  (Id. ¶ 8.)

The Contracts provide that they are subject to the bylaws and rules of the ICA and that all disputes arising under the Contracts will be resolved by arbitration before the ICA.  (Id. ¶ 7.)  As provided by ICA rules, each party appointed an arbitrator from the ICA-approved panel, and a third, ICA-appointed arbitrator acted as chairman.  (Id. ¶ 10.)

NVK served its "particulars of claim" on or about August 5, 2011, and Mid-South responded on or about August 16, 2011. (Id. ¶ 11.)  Each party also submitted secondary submissions.  (Id. ¶

2

12.) The gravamen of NVK's claim was that Mid-South willfully failed to deliver cotton as required by the Contracts because the price of cotton had increased substantially since the Contracts were entered. (Id. ¶ 11.) The ICA tribunal carefully considered all of the allegations, awarded limited relief to Mid-South, accepted numerous claims by NVK, and rejected several of NVK's claims for relief. (Id. ¶ 14.) The decision directs Mid-South to pay $380,908.79 to NVK, with interest "at the rate of 4.25 (four point two five) percent per annum over the **NEW YORK PRIME INTEREST RATE** or, as appropriate, the calculated average thereof, prevailing from 3rd May 2012 until the date of payment of that sum." (the "Award"). (Arbitration Award, ECF No. 7 at 42) (emphasis in original). The Award directs Mid-South to pay an additional £4,430.00 in costs. (Id. at 43; Affidavit of NVK's President, ECF. No. 12-1 at 2.) NVK calculates that it is entitled to $7,153.12 in costs, using a 1.5715 exchange rate, the Wall Street Journal GPS/U.S. Dollar exchange rate at market close on June 15, 2012.

Mid-South did not appeal the Award, and the Award is now final and binding under ICA rules. (Complaint, ECF No. 1 ¶ 16.) Mid-South has not made any of the payments required by the Award. (Id. ¶ 17.)

On July 20, 2012, NVK filed the Complaint in this case, asking the Court to confirm the Award and enter judgment in

3

favor of NVK. (Id. ¶ 20.) On July 31, 2012, Attorney Kevin Cox, a registered Agent for Mid-South, received a copy of the Complaint and Summons and signed the "Waiver of the Service of Summons." (Motion, ECF No. 12 ¶ 2.) Mid-South has not responded. On June 21, 2013, NVK filed a motion for entry of default. (Mot. for Entry of Default, ECF No. 9.) The Clerk of Court entered default on June 24, 2013. (Entry of Default, ECF No. 10.)

## II. Jurisdiction

A court must have personal and subject matter jurisdiction to enter a valid default judgment. Citizens Bank v. Parnes, 376 F. App'x 496, 501 (6th Cir. 2010). The court does not need to consider defects in venue. Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 942 (5th Cir. 1999) ("The Supreme Court has made clear that if a party defaults by failing to appear or file a timely responsive pleading, the party waives defects in venue.") (citations omitted).

Under 28 U.S.C. § 1332(a), this Court has original jurisdiction of all civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs". 28 U.S.C. § 1332(a)(1). NVK is a Thai company with its principal place of business in Bangkok, Thailand. (Complaint, ECF No. 1 ¶ 3.) Mid-South is a Tennessee limited liability company with its

principal place of business in Memphis, Tennessee. (Id.) The parties are completely diverse, the amount in controversy requirement is met, and the Court has jurisdiction.

**III. Standard of Review**

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs default judgments. See Fed. R. Civ. P. 55(b). "Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the complaint, except those relating to damages." Microsoft Corp. v. McGee, 490 F. Supp. 2d 874, 878 (S.D. Ohio 2007) (citing Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110-11 (6th Cir. 1995)).

With respect to damages, "[t]he allegations in the complaint . . . are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Vesligaj v. Peterson, 331 Fed.Appx. 351, 355 (6th Cir. 2009) (quoting Credit Lyonnais Sc. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)); see also Fed. R. Civ. P. 55(b)(2). A court may reach a reasonable certainty on the correct amount of damages from the record without conducting a hearing. See id.

**IV. Analysis**

NKV asserts that it is entitled to relief under 9 U.S.C § 207 because it was granted a valid arbitral award and Mid-South has failed to comply.

Under 9 U.S.C. § 207:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207. Because default has been entered, Mid-South is deemed to have admitted all of the well-pleaded allegations in NVK's Complaint, except those relating to damages. See McGee, 490 F. Supp. 2d at 878. Mid-South submitted to arbitration as provided by the Contracts, and it has not appealed the Award. (See Complaint, ECF No. 1 ¶¶ 10-16.) NVK is entitled to a default judgment confirming the Award. See 9 U.S.C. § 207.

The Court has examined the record and can make a reasonably certain determination about the damages to which NVK is entitled. Mid-South must pay NVK the amount awarded, $380,908.79, with interest "at the rate of 4.25 (four point two five) percent per annum over the **NEW YORK PRIME INTEREST RATE** or, as appropriate, the calculated average thereof, prevailing from 3rd May 2012 until the date of payment of that sum."

(Arbitration Award, ECF No. 7 at 42) (emphasis in original). Mid-South must pay NVK an additional $7,153.12 in costs, the costs provided in the Award converted from pounds. (Id. at 43; Affidavit of NVK's President, ECF. No. 12-1 at 2.)

**V.  Conclusion**

For the foregoing reasons, NVK's Motion for Default Judgment is GRANTED.  The arbitral award is CONFIRMED, and Mid-South is ORDERED to pay NVK the damages and costs stated in this Order.

So ordered this 31st day of October, 2013.

/s  Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE